**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona ex rel. Arizona Department of Environmental Quality; Benjamin H. Grumbles, Director of the Arizona Department of Environmental Quality and Arizona's Trustee for Natural Resources,<br><br>Plaintiffs,<br><br>vs.<br><br>ACME Laundry & Dry Cleaning Co., Inc., an Arizona corporation,<br><br>Defendant. | No. CV-09-01919-PHX-FJM<br><br>**ORDER** |

Plaintiffs State of Arizona and Benjamin Grumbles, the director of the Arizona Department of Environmental Quality and Arizona's Trustee for Natural Resources, bring this action against defendant ACME Laundry & Dry Cleaning Co., Inc. under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9607-9675, and Arizona's Water Quality Assurance Revolving Fund statute ("WQARF"), A.R.S. §§ 49-281 to -298. The court has before it the parties' joint motion for approval and entry of consent decree (doc. 8).

**I.**

In 1946, J.E.S. and Glenna V. Russell opened a laundry and dry cleaning business at 3316 North 3rd Street, Phoenix, Arizona. Defendant owned and operated the business from 1954 until the property was sold in 2007 to TGRL 3316, LLC and JTR 3316, LLC. Defendant routinely used tetrachloroethylene, a hazardous substance, during the dry cleaning process and it was released into the soil. The extent of the environmental damage is apparently unknown. One day before selling the property, defendant applied for a WQARF program that requires Arizona to seek settlements of CERCLA and WQARF liability with certain small businesses. A.R.S. § 49-292.01. In order to qualify, a business must have had gross income between $1 and $2,000,000 in each of the two years prior to application and the offered settlement is fixed at 10% of the average of these amounts. Id. Plaintiffs approved defendant for the settlement program in 2009.

Plaintiffs filed this action to recover removal and remedial costs under WQARF, A.R.S. § 49-285, and CERCLA, 42 U.S.C. § 9607(a)(4)(A). They do not allege the incurrence of any such costs. They also claim defendant is liable for natural resource damages under CERCLA, 42 U.S.C. § 9607(a)(4)(C). We have exclusive original jurisdiction. 42 U.S.C. § 9613(b).

The parties now seek approval and entry of a consent decree. It provides for a $34,844 payment by defendant in exchange for covenants not to sue under CERCLA and WQARF by plaintiffs and contribution protection under CERCLA. See 42 U.S.C. § 9613(f)(2) (providing persons who obtain a judicially approved settlement with a state protection from contribution for matters addressed in the settlement). The consent decree also contains a reservation of rights and details certain conditions under which it may be modified.

**II.**

We review proposed CERCLA consent decrees to ensure that they are procedurally and substantively fair, reasonable, and consistent with the statute's objectives. U.S. v. Montrose Chem. Corp. of Cal., 50 F.3d 741, 746 (9th Cir. 1995). The parties represent that

their proposed consent decree is procedurally fair because it was the subject of arm's length negotiations between experienced environmental lawyers. They also contend that it is substantively fair and reasonable because it is based on defendant's ability to pay and plaintiffs have limited funds to pursue litigation. Finally, they assert that it is consistent with CERCLA's objectives because it meets the goals of accountability and promptness through an ability-to-pay determination and an early settlement.

We cannot evaluate the fairness and reasonableness of the parties' proposed consent decree at this time because they have not provided a preliminary estimate of the natural resource damages at issue. See id. (finding an abuse of discretion where district court approved a consent decree without a damages estimate). Defendant's ability to pay is a factor in this analysis, but it must be considered within the context of the potential damages involved.

There are two additional issues preventing approval of the consent decree as proposed. The provision for modifications must clarify that approval of the court is required for any modification of the consent decree. Proposed Consent Decree ¶ 29. And the subsequent owners of the property, including TGRL 3316, LLC and JTR 3316, LLC, should be provided with direct notice of any proposed consent decree.

**IT IS THEREFORE ORDERED DENYING** the parties' joint motion for approval and entry of consent decree without prejudice (doc. 8).

The parties may renew their motion, resolving each of the three identified issues, no later than May 1, 2010.

DATED this 18th day of December, 2009.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge